

Genova Burns LLC
110 Allen Rd., Ste. 304
Basking Ridge, NJ 07920
Tel: 973.467.2700  Fax: 973.467.8126
Web: www.genovaburns.com

Daniel M. Stolz, Esq.
Partner
Member of the NJ Bar
dstolz@genovaburns.com
Direct:  973-230-2095

August 18, 2023

Honorable Michael A. Shipp
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ  08608

      Re:    **Official Committee of Talc Claimants, Appellant**
              **v. LTL Management, LLC, Appellee**
              **Case No. 3:23-cv-02567**

Dear Judge Shipp:

      We represent the Petitioner-Appellant, the Official Committee of Talc Claimants ("TCC"), in the above referenced appeal (the "Appeal") and write at the direction of the Bankruptcy Court to request a stay of the Appeal.

      The Appeal concerns the Bankruptcy Court's preliminary injunction order (Dkt. No. 91) in Adversary Proceeding No. 23-01092.  On August 11, 2023, the Bankruptcy Court entered an order dismissing the underlying bankruptcy case (Case No. 23-12825, Dkt. No. 1211). The Dismissal Order is attached as Exhibit A to this letter. In relevant part, the Bankruptcy Court vacated as moot the preliminary injunction order at issue in this Appeal and terminated the automatic stay. *See* Ex. A at 5–6. The Dismissal Order also instructed the TCC to provide this Court with a copy of the Dismissal Order and to request a stay of this Appeal pending resolution of any appeal of the Dismissal Order. *Id.* at 8.

      Good cause supports staying proceedings in this interlocutory appeal until any appeals of the Dismissal Order are resolved (or no appeal is taken). Because an affirmance of the Dismissal Order would be "dispositive of the issues" in this Appeal, the District Court should exercise "the power inherent in every court" to stay this proceeding, holding it "in abeyance to abide the outcome of" any appeals of the Dismissal Order. *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union*



Honorable Michael A. Shipp
Re: Official Committee of Talc Claimants v. LTL Management, LLC
Case No. 3:23-cv-02918
August 18, 2023
PAGE TWO

*of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).  Such a stay would conserve the parties' and this Court's resources and allow the TCC to pursue its appeal of this collateral order in the (unlikely) event the Dismissal Order is reversed on appeal.

      For these reasons, we respectfully request that the Court stay proceedings in this case until any appeals of the Dismissal Order are resolved or no appeal is taken.

Very truly yours,

**GENOVA BURNS LLC**

*/s/  Daniel M. Stolz*

DANIEL M. STOLZ

DMS

# EXHIBIT A

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **GENOVA BURNS LLC**<br>Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>Gregory S. Kinoian, Esq.<br>dstolz@genovaburns.com<br>dclarke@genovaburns.com<br>gkinoian@genovaburns.com<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Tel: (973) 533-0777<br>Fax: (973) 533-1112<br>*Local Counsel for the Official*<br>*Committee of Talc Claimants* | **BROWN RUDNICK LLP**<br>David J. Molton, Esq.<br>Michael S. Winograd, Esq.<br>Susan Sieger-Grimm, Esq.<br>Kenneth J. Aulet, Esq.<br>dmolton@brownrudnick.com<br>mwinograd@brownrudnick.com<br>ssieger-grimm@brownrudnick.com<br>kaulet@brownrudnick.com<br>Seven Times Square<br>New York, NY 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>-And-<br>Jeffrey L. Jonas, Esq.<br>Sunni P. Beville, Esq.<br>Eric R. Goodman, Esq.<br>jjonas@brownrudnick.com<br>sbeville@brownrudnick.com<br>egoodman@brownrudnick.com<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br>*Co-Counsel for the*<br>*Official Committee of Talc Claimants* |
| **OTTERBOURG PC**<br>Melanie L. Cyganowski, Esq.<br>Jennifer S. Feeney, Esq.<br>Michael R. Maizel, Esq.<br>mcyganowski@otterbourg.com<br>jfeeney@otterbourg.com<br>mmaizel@otterbourg.com<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 905-3628<br>Fax: (212) 682-6104<br>*Co-Counsel for the Official*<br>*Committee of Talc Claimants* | **MASSEY & GAIL LLP**<br>Jonathan S. Massey, Esq.<br>Bret R. Vallacher, Esq.<br>jmassey@masseygail.com<br>bvallacher@masseygail.com<br>1000 Maine Ave. SW, Suite 450<br>Washington, DC 20024<br>Tel: (202) 652-4511<br>Fax: (312) 379-0467<br>*Co-Counsel for the Official Committee of Talc*<br>*Claimants* |
| In re:<br>LTL MANAGEMENT, LLC,[1]<br><div align="right">Debtor.</div> | Chapter 11<br><br>Case No.: 23-12825 (MBK)<br><br>Honorable Michael B. Kaplan |

FILED
JEANNE A. NAUGHTON, CLERK
AUG 11 2023
U.S. BANKRUPTCY COURT
TRENTON, NJ
BY_____ DEPUTY

---

[1] The last four digits of the Debtor's taxpayer identification number are 6622. The Debtor's address is 501 George Street, New Brunswick, New Jersey 08933.

**ORDER (I) DISMISSING DEBTOR'S CHAPTER 11 PETITION
PURSUANT TO <u>11 U.S.C. § 1112(b)</u>; <u>(II)</u> ESTABLISHING
PROCEDURES WITH RESPECT TO REQUESTS FOR
<u>COMPENSATION; AND (III) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages is **ORDERED.**

8/11/23

_____
MICHAEL B. KAPLAN
USBJ

2

This Court enters this order (this "Dismissal Order") to effectuate dismissal of the chapter 11 case of LTL Management LLC (the "Debtor" or "LTL") pursuant to 11 U.S.C. § 1112(b) and to address, pursuant to 11 U.S.C. §§ 105(a) and 349(b), certain related matters as necessary to permit an orderly dismissal and for purposes such as fairness, judicial economy, and convenience to interested parties. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.) (the "Standing Order"); venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. ~~The TCC (as defined below), the other Movants (as defined below) and the Debtor have agreed to the terms of this Dismissal Order.~~ *[initialed MBK]* After due deliberation, this Court has found and determined that good and sufficient cause appears under the facts and applicable law for the relief granted herein.

WHEREAS, on April 4, 2023 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") pursuant to chapter 11 of Title 11 of the United States Code commencing this case (the "Chapter 11 Case");

WHEREAS, on July 28, 2023, this Court entered the *Memorandum Opinion* [ECF No. 1127], granting the motions filed by the Official Committee of Talc Claimants (the "TCC") [ECF No. 286], the Ad Hoc Group of Mesothelioma Claimants [ECF No. 335], Paul Crouch [ECF No. 346], the Ad Hoc Committee of States Holding Consumer Protection Claims [ECF No. 350], law firms on behalf of certain mesothelioma claimants [ECF No. 352], the law firm of Maune Raichle Hartley French & Mudd, LLC [ECF No. 358], the law firm of Arnold & Itkin LLP [ECF No. 384], the Georgia State claimants represented by The Barnes Law Group, LLC [ECF No. 473],

3

the States of New Mexico and Mississippi [ECF No. 480]² (collectively, the "Movants"), and the motion filed by the U.S. Trustee [ECF No. 379], that sought an order of this Court dismissing the Chapter 11 Case pursuant to 11 U.S.C. § 1112(b) as not having been filed in good faith;

WHEREAS, on April 25, 2023, this Court entered the *Order Dissolving Temporary Restraining Order, Extending the Automatic Stay, and Granting Limited Preliminary Restraints* [Adv. No. 23-01092, ECF No. 91] (the "Initial Preliminary Injunction Order") extending the automatic stay under 11 U.S.C. § 362 and preliminarily enjoining the commencement or conducting of any trial or appeal of any Debtor Talc Claim against any of the parties identified as Modified Protected Parties (as defined in the Initial Preliminary Injunction Order), but otherwise allowing any party to commence or proceed with discovery or other pretrial matters in any suits and to permit the filing of suit, on notice to the Debtor, against any Modified Protected Party (other than with respect to the multi-district litigation pending before the Honorable Michael A. Shipp for which no legal action was allowed); and

WHEREAS, on July 14, 2023, this Court entered the *Order Extending The Preliminary Injunction* [Adv. No. 23-01092, ECF No. 203] (together with the Initial Preliminary Injunction Order, the "Preliminary Injunction Orders") on substantially the same terms as the Initial Preliminary Injunction Order except to add Janssen Pharmaceuticals, Inc and Kenvue Inc. to the list of Modified Protected Parties.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Dismissal. The Chapter 11 Case is hereby dismissed pursuant to section 1112(b) of the Bankruptcy Code as of the date of this Dismissal Order (the "Dismissal Date"). The Court

---

² In addition to those identified above, two motions adopting the arguments asserted by the TCC were incorrectly filed in an adversary proceeding relating to this Chapter 11 Case. *See* Adv. No. 23-01092; ECF Nos. 117 (motion of Estate of Melissa Fleming) and 118 (motion of Robert Gendelman).

4

has jurisdiction to enter this Dismissal Order pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order. For ~~cause shown, pursuant to 11 U.S.C. § 349(a), the Debtor, its affiliates, successors and assigns, are enjoined from filing any petition seeking voluntary relief under Title 11 of the United States Bankruptcy Code, for a period of 180 days measured from the date of entry of the Dismissal Order~~. *MBK*

2. <u>Closing the Chapter 11 Case</u>. This Court directs that the Clerk of this Court close the Chapter 11 Case promptly following the filing of a notice by LTL, with the prior written acknowledgement from the U.S. Trustee, that there is no objection to the closing of the case and confirming the completion of the following conditions: (i) all monthly operating reports of LTL have been filed, (ii) all fees due and owing in the Chapter 11 Case to the Clerk of this Court and/or the U.S. Trustee pursuant to 28 U.S.C. § 1930 have been paid in full, (iii) notice of the Appeal Exhaustion Date (as defined below) has been filed with this Court, (iv) all Substantial Contribution Motions (as defined below) have been heard by this Court and determined pursuant to a final order, (v) all amounts requested pursuant to a Final Fee Application, a Reimbursement Request or a Post-Dismissal Fee Application (all as defined below) have been paid by LTL or, if not paid, determined by this Court not to be allowable; and (vi) all amounts owed to the co-mediators have been paid by LTL. The date that the parties jointly file a notice with the Court indicating that all appellate proceedings, including proceedings for review or otherwise before the U.S. Supreme Court, involving this Dismissal Order ("<u>Appeals</u>") are exhausted or resolved, or that the parties will not pursue the Appeals shall hereinafter be referred to as the "<u>Appeal Exhaustion Date</u>."

3. <u>Preliminary Injunction Orders</u>.[3] On the Dismissal Date, the Preliminary Injunction Orders [Adv. No. 23-01092, ECF Nos. 91 and 203] are vacated as moot. Pursuant to section 105

---

[3] Capitalized terms that are used but are not defined herein shall have the meanings ascribed to them in the Preliminary Injunction Orders.

5

and in accordance with 11 U.S.C. § 108(c), this Dismissal Order shall toll, as of April 24, 2023, to the extent such period has not expired before then, the expiration of any period under any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period under which a Defendant is required to commence or continue a civil action in a court other than this Court on any Debtor Talc Claim asserted against any of the Modified Protected Parties until the later of: (a) the end of such period, including any suspension of such period occurring on or after April 4, 2023; or (b) thirty (30) days after notice of this Dismissal Order. For the avoidance of doubt, if a Defendant, through counsel, notified the Debtor in writing of his, her, or their intent to proceed with the filing of a complaint pursuant to the Preliminary Injunction Orders, any tolling of the period for any such Defendant to file a complaint asserting a Debtor Talc Claim against a Modified Protected Party terminated upon the Debtor's receipt of written notice of such Defendant's intent to file such a complaint.

4. Termination of Stay. To the extent not already terminated by an order of this Court, the automatic stay with respect to LTL is terminated immediately upon the Dismissal Date. In accordance with 11 U.S.C. § 108(c), this Dismissal Order shall toll, as of April 4, 2023, to the extent such period had not expired before then, the expiration of any period under any applicable non-bankruptcy law, any order entered in a non-bankruptcy proceeding, or any agreement that fixes a period for commencing or continuing a civil action in a court other than this Court on Debtor Talc Claims until the later of: (a) the end of such period, including any suspension of such period occurring on or after April 4, 2023; or (b) thirty (30) days after notice of this Dismissal Order. For the avoidance of doubt, if a Defendant, through counsel, notified the Debtor in writing of his, her, or their intent to proceed with the filing of a complaint pursuant to the Preliminary Injunction Orders, any tolling of the period for any such Defendant to file a complaint asserting a

Debtor Talc Claim against a Modified Protected Party terminated upon the Debtor's receipt of written notice of such Defendant's intent to file such a complaint.

5. <u>Procedures for Final Allowance of Fees and Expenses</u>. All professionals retained pursuant to sections 105, 327, 328 or 1103 of the Bankruptcy Code ("<u>Retained Professionals</u>"), in addition to the Future Claimants Representative (the "<u>FCR</u>") and her professionals, seeking compensation pursuant to sections 330 or 331 of the Bankruptcy Code shall file and serve monthly, interim and final fee applications for periods through and including the Dismissal Date within thirty (30) days of the Dismissal Date (the "<u>Final Fee Applications</u>"); and shall file and serve any fee applications for periods from the Dismissal Date through and including the Appeal Exhaustion Date ("<u>Post-Dismissal Fee Applications</u>" and together with the Final Fee Applications, the "<u>Fee Applications</u>") within thirty (30) days of the Appeal Exhaustion Date. The Fee Applications shall be in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 562] (the "<u>Compensation Procedures Order</u>"). Any objections to the Fee Applications shall be filed and served on counsel for LTL and the entity submitting the application to which an objection is being filed no later than twenty-one (21) days following the filing of such Fee Application. The Court will schedule hearings, at the Court's convenience, to consider the Fee Applications. The fees and expenses of professionals retained by the Ad Hoc Committee of Supporting Counsel shall remain subject to the expense reimbursement agreement, which was attached as Exhibit A to ECF No. 575.

6. <u>Compensation Procedures Order; Reimbursement Requests; Post-Dismissal Monthly Fees</u>. The Compensation Procedures Order shall remain in full force and effect through and including the Appeal Exhaustion Date, including as to requests for reimbursement of expenses

incurred by members of the TCC and their representatives (a "Reimbursement Request") and the submission and payment of monthly fee statements by Retained Professionals. After the Appeal Exhaustion Date, the Compensation Procedures Order shall remain in effect as to the submission and payment of Fee Applications and Reimbursement Requests.

7. Substantial Contribution Motions. Any party, including any ad hoc committee that participated in the Chapter 11 Case, seeking payment of a claim for substantial contribution in this Chapter 11 Case may file and serve a motion seeking such relief ("Substantial Contribution Motion") no later than thirty (30) days following the Dismissal Date. The Court will schedule a hearing, at the Court's convenience, to consider the Substantial Contribution Motion. Any party-in-interest may object to a Substantial Contribution Motion no later than seven (7) days prior to the hearing date, and the movant may reply no later than four (4) days prior to the hearing date.

8. Limited Continued Existence of TCC. The TCC shall remain in existence after the Dismissal Date solely to pursue or defend any Appeals, and its Retained Professionals shall be authorized to continue to perform services on the TCC's behalf and communicate with its constituents concerning the pursuit or defense of any Appeals. For the avoidance of doubt, this shall include the appeals currently pending before the District Court ~~for the District Court~~ for the District of New Jersey (Case Nos. 23-cv-02567; 23-cv-02918; and 23-cv-03935).* On the Appeal Exhaustion Date, the TCC shall be automatically dissolved, and all members and professionals retained by the TCC shall be discharged from all duties, responsibilities, and obligations arising from, or related to the TCC. Following such dissolution, any attorney-client privilege and similar rights previously held by the TCC shall remain in existence and shall be enforceable by any person or entity that was a member of the TCC as of its dissolution (directly or indirectly through their respective counsel or other representative). Notwithstanding anything contained herein to the

*[handwritten]* * Within seven (7) days of the entry of the within order, counsel for the TCC shall provide the District Courts handling the referenced appeals with a copy of this Order and a request to stay the appeals pending resolution of any appeal of this Order. Such request should be made initially by correspondence unless the District Court directs otherwise. (MBK)

contrary, the TCC, TCC members and their representatives and the TCC's Retained Professionals shall be authorized to seek payment of fees and reimbursement of expenses in accordance with the Compensation Procedures Order and with Paragraphs 5 – 7 herein. **

9. <u>Discharge of the FCR.</u> On the Dismissal Date, the appointment of the legal representative for future talc claimants in this Chapter 11 Case (the "<u>FCR</u>") shall be terminated, and all professionals retained by the FCR shall be discharged from all duties, responsibilities, and obligations from or related to the FCR. Following such termination, any attorney-client privilege and similar rights previously held by the FCR shall remain in existence and shall be enforceable by the FCR (directly or indirectly through her respective counsel or other representative).

10. <u>Discharge of the Co- Mediators.</u> On the Dismissal Date, the appointment of the co-mediators in this Chapter 11 Case shall be terminated and the co-mediators shall be discharged from all duties, responsibilities, and obligations from or related to the court-ordered mediation in this Chapter 11 Case. Within fourteen (14) days of this Dismissal Order, the co- mediators shall submit to LTL final invoices for services rendered and expenses incurred, and LTL shall promptly pay such invoices.

11. <u>Services of Epiq Corporate Restructuring, LLC ("Epiq").</u> Epiq is authorized to assist LTL with service of this Dismissal Order. On or about thirty (30) days after the entry of this Dismissal Order, Epiq, as the Debtor's claims and noticing agent, shall (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a combined final claims register containing claims against the Debtor. Epiq shall be discharged from all duties, responsibilities, and obligations as the Debtor's claims and noticing agent in this Chapter 11 Case following the conclusion of such services pursuant to this Dismissal Order and the closing of this Chapter 11 Case. Epiq shall be entitled to payment

** The TCC is not authorized to retain additional professionals absent further order of this Court. Pursuant to 11 USC §349(b)(3), such funds necessary to pay the fees and expenses, approved by the Court and in accordance with the procedures set forth herein, remain property of the estate and do not revest in the entity in which such property was vested immediately before the commencement of the case.

and reimbursement of its fees and costs in accordance with Paragraph 5 hereof. Epiq is authorized to take all actions necessary and appropriate to effectuate the terms of this Dismissal Order.

12. <u>Payment of Quarterly Fees</u>. Not later than thirty (30) days after the Dismissal Date, LTL shall pay to the U.S. Trustee any quarterly fees owed through the date of the Dismissal Date pursuant to <u>28 U.S.C. § 1930(a)(6)</u>. Any disbursements, including but not limited to, the payments of professional fees and expenses by LTL between the Dismissal Date through and including the Appeal Exhaustion Date must be reported on the Debtor's Final Report and ~~shall~~ may be subject to the payment of fees owed pursuant to <u>28 U.S.C. § 1930</u>.



13. <u>Continued Effect of Confidentiality Orders</u>. Notwithstanding any other provision of this Dismissal Order, any obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered into during the Chapter 11 Case in connection with the Chapter 11 Case shall remain in full force and effect in accordance with their terms; provided, however, that the provisions set forth in paragraph 14 of this Dismissal Order shall supersede any contrary provisions in any agreed protective order entered in this Chapter 11 Case; provided, further, however, that notwithstanding anything contained therein to the contrary, the obligations set forth in Section L of the *Protective Order* entered at <u>ECF No. 545</u> shall not become applicable until thirty (30) days after the Appeal Exhaustion Date .

14. <u>Destruction of Documents by Third Parties</u>. Reasonably promptly following the closing of the Chapter 11 Case, any mediator appointed in the Chapter 11 Case and the Rule of Evidence 706 expert appointed by order of this Court entered at <u>ECF No. 2881</u> in the Debtor's prior chapter 11 case (Case No. 21-30589) (the "<u>Prior Chapter 11 Case</u>") and his professionals each shall destroy any documents, electronic files or information in his or their possession, custody, or control (or in the possession, custody, or control of their respective agents, experts or

consultants) that were provided on a confidential basis, whether during this Chapter 11 Case or during the Prior Chapter 11 Case, by LTL, the FCR, the TCC, or plaintiff law firms or their respective counsel, or any of the TCC members, and shall certify destruction thereof to such providing party.

15.  Notice.  On or before seven (7) days following the Dismissal Date, LTL shall serve notice of this Dismissal Order (including a copy of this Dismissal Order) pursuant to Bankruptcy Rules 2002(f)(2) and 2002(k) on the TCC, the U.S. Trustee, the Master Service List, the Modified Protected Parties, all entities that have requested notice pursuant to Bankruptcy Rule 2002, and such additional persons and entities deemed appropriate by LTL.

16.  Retained Jurisdiction.  Notwithstanding the dismissal of the Chapter 11 Case, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the Chapter 11 Case, including without limitation, certification of any appeal of this Dismissal Order, the interpretation, implementation, or enforcement of this Dismissal Order and the Court's prior orders, and to hear and consider Substantial Contribution Motions and any objection to a Fee Application or a Reimbursement Request.

17.  Immediate Effectiveness.  Notwithstanding any provisions in the Bankruptcy Rules to the contrary, this Dismissal Order shall be immediately effective and enforceable upon its entry.